## UNITED STATES v. TURNER.

(Circuit Court of Appeals, Eighth Circuit. March 25, 1915.)

No. 4262.

PUBLIC LANDS ☞120—SUIT FOR CANCELLATION OF PATENTS—FRAUD.

Evidence *held* insufficient to sustain the allegations of a bill by the United States for the cancellation of patents to land on the ground that they were obtained by fraud and false testimony.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. ☞120.]

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Suit in equity by the United States against Owen F. Turner. Decree for defendant, and the United States appeals. Affirmed.

Isaac D. Taylor, Asst. U. S. Atty., of Guthrie, Okl. (John A. Fain, U. S. Atty., and T. G. Chambers, Jr., Asst. U. S. Atty., both of Oklahoma City, Okl., on the brief), for the United States.

Charles Swindall, of Woodward, Okl., for appellee.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. This is an action by the United States to cancel for fraud two certain land patents, issued August 10, 1906, and April 7, 1910, to Owen F. Turner and Samuel J. K. Hayhurst, respectively. The alleged fraud consisted in alleged false testimony as to residence and cultivation by Turner and Hayhurst and their witness-

es. The action is brought against Turner, as the legal title to the land, except that portion thereof which Turner conveyed to Millard, has become vested in Turner. The trial court found that the United States had not clearly shown that the patents were obtained by fraud or false testimony. A condensed statement of the evidence appears in the record.

The question to be decided is one of fact. To state a portion of the evidence would serve no useful purpose, and the whole thereof cannot be stated within the limits of an opinion. We have, however, read the evidence contained in the record, and after careful consideration have arrived at the conclusion that no serious error intervened in the consideration thereof by the trial court.

The judgment below should be affirmed; and it is so ordered.